```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO

RONNELL L. REED,                  )    CASE NO. 5:05 CV 1878
                                  )
        Petitioner,               )    JUDGE JAMES S. GWIN
                                  )
     v.                           )
                                  )    MEMORANDUM OF OPINION
DAVID BOBBY,                      )    AND ORDER
                                  )
        Respondent.               )
```

On July 28, 2005, petitioner Ronnell L. Reed filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Reed is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of rape, attempted burglary, misdemeanor assault, and telephone harassment.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

As grounds for the petition, Reed asserts that his conviction was obtained by an improperly altered indictment, and that his trial counsel rendered ineffective assistance.

As regards the validity of Reed's indictment, a guilty

plea represents a break in the chain of events which preceded it in the criminal process. Therefore, Reed may not raise issues relating to constitutional violations which occurred prior to the plea. Tollett v. Henderson, 411 U.S. 258 (1973); Burrows v. Engle, 545 F.2d 552 (6th Cir. 1976).

Further, it is evident on the face of the petition that Reed has not presented the ineffective assistance claim to the Ohio courts via a motion for post-conviction relief. This avenue is still open to him under Ohio law. State v. Lentz, 70 Ohio St.3d 527 (1994); State v. Carter, 36 Ohio Misc. 170 (1973). Thus, this claim is premature and must be dismissed for failure to exhaust state court remedies. Gaston v. Ohio, 27 Fed.Appx. 301, 2001 WL 1299264 (6th Cir. Aug. 10, 2001).

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

Dated: September 29, 2005        *s/ James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE